**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25559-CIV-KUNTZ**

**ALEMA JIMENEZ**,

Plaintiff,

v.

**U.S. IMMIGRATION AND CUSTOM ENFORCEMENT** *et al.*,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Alberto Alema Jimenez for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "**Petition**") [ECF 1]. Immigration and Customs Enforcement has detained the petitioner, an alien, whose grounds for the Petition are difficult to understand. *See generally id.* Specifically, the Petition invokes various constitutional provisions, statutes, and cases without describing how the circumstances of his confinement warrant relief. *See id.* at 6–7. Petitioner appears to claim that he is not a flight risk, a danger to the community, or likely to be found removable, so according to Petitioner, detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* Yet, for the reasons set forth below, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."). Put differently, "[f]ederal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner recites from *Zadvydas* the holding that the Fifth Amendment bars indefinite detention for aliens who do not appear to be removable. *See Zadvydas*, 533 U.S. at 690–96. But *Zadvydas* also notes that the government has legitimate interests in combating flight risk and other areas, which the Supreme Court has not limited. *See id.* at 690. To that end, alien detainees are not entitled to individualized bond hearings (at least for the first six months pending removal) under *Demore v. Kim*, 538 U.S. 510 (2003). *See also Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026). Thus, even "[a]fter this 6–month period [elapses]," the alien needs to "provide[ ] [evidence demonstrating] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Crucially, detained for approximately one month (since July 15, 2026) [ECF 1 at page 4], the Petition lacks any factual basis that could support a determination of an overly long detention or alleviate other legitimate concerns such as flight risk. While the Court denies the Petition, it does so without prejudice, so the petitioner may amend, if appropriate. Accordingly, it is hereby

**ORDERED and ADJUDGED** that the Petition [ECF 1] is **DENIED WITHOUT PREJUDICE**. Should an amended petition be filed, it must be filed by **September 9, 2026**. Otherwise, the Clerk of Court must **CLOSE** this case and **DENY AS MOOT** all pending motions.

DONE in Chambers in Fort Lauderdale, Florida on this 19th day of August 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE